# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JANET SMITH, | ) | |
| Plaintiff, | ) | Hon. Blanche M. Manning |
| | ) | |
| v. | ) | 05 C 5942 |
| | ) | |
| ACCENTURE UNITED STATES | ) | |
| GROUP LONG-TERM DISABILITY | ) | |
| INSURANCE PLAN and AETNA | ) | |
| LIFE INSURANCE COMPANY, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

### I.    Background

Plaintiff Janet Smith has brought suit under the Employee Retirement Income Security

Act ("ERISA"), 29 U.S.C. §§1132(e)(1) and (f), to recover benefits allegedly due under a long-

term disability policy underwritten and insured by Aetna for the benefit of employees of

Accenture LLP.  The defendants, Aetna Life Insurance Company and Accenture United States

Group Long-Term Disability Plan ("Aetna"), then filed a first amended counterclaim ("FAC")

seeking the return of certain benefits they had paid to Smith.  According to Aetna, the Plan

provides that any benefits paid under the Plan are to be reduced by other income benefits,

including social security disability benefits obtained during the same time period.  Count I of the

FAC seeks a constructive trust under 29 U.S.C. §1132(a)(3), ERISA §502(a)(3), on the long-

term disability benefits Aetna allegedly overpaid to the plaintiff.  Count II alleges a federal

common law claim for unjust enrichment.  Smith seeks to dismiss both counts.  For the reasons

stated below, the motion is denied.

## II.     Analysis

### A.     Count I–Constructive Trust under §502(a)(3)

Smith moves to dismiss Count I on the ground that the constructive trust claim as alleged

by Smith may not be brought under §502(a)(3).  Specifically, Smith asserts that §502(a)(3) of

ERISA does not provide a basis for recovery of legal (as opposed to equitable) claims.  29

U.S.C. § 1132(a)(3) ("a civil action . . . may be brought . . . by a fiduciary . . . to obtain other

appropriate *equitable* relief.") (emphasis added).  Relying on *Great-West Life & Annuity Ins. Co.*

*v. Knudson*, 534 U.S. 204 (2002), Smith contends that Aetna's claim for restitution pursuant to a

constructive trust is a claim for legal and not equitable relief and thus is not viable under

§502(a)(3).

In *Great-West Life,* the plaintiff, a plan, sought the return of funds from the defendant

pursuant to a reimbursement provision in a health benefits policy.  The Supreme Court

considered whether the relief the plaintiff-plan was seeking was legal or equitable, and stated as

follows:

> Here, petitioners seek, in essence, to impose personal liability on respondents for
> a contractual obligation to pay money-relief that was not typically available in
> equity. "A claim for money due and owing under a contract is 'quintessentially an
> action at law.' " *Wal-Mart Stores, Inc. v. Wells*, 213 F.3d 398, 401 (C.A.7 2000)
> (Posner, J.). "Almost invariably ⋯ suits seeking (whether by judgment,
> injunction, or declaration) to compel the defendant to pay a sum of money to the
> plaintiff are suits for 'money damages,' as that phrase has traditionally been
> applied, since they seek no more than compensation for loss resulting from the
> defendant's breach of legal duty." *Bowen v. Massachusetts*, 487 U.S. 879,
> 918-919, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988) (SCALIA, J., dissenting). And
> "[m]oney damages are, of course, the classic form of legal relief." *Mertens* [*v.
> Hewitt Assoc*., 508 U.S. 248 (1993)], *supra*, at 255, 113 S.Ct. 2063.

*Great-West Life*, 534 U.S. at 210.  *See also Leipzig v. AIG Life Ins. Co.*, 362 F.3d 406, 410 (7th

Cir. 2004) (a "plan's demand to be reimbursed for benefits wrongly paid out is not [equitable]; it

is instead a quest for money damages and thus is legal rather than equitable.").

However, the United States Supreme Court's opinion in *Sereboff v. Mid Atlantic Med. Servs. Inc*., 126 S. Ct. 1869 (2006), has altered the analysis as to these types of claims. This court fully addressed the implications of the *Sereboff* decision in its recent memorandum and order in *Gutta v. Standard Select Trust Ins*., No. 04 C 5988, slip op. on motion for summary judgment, at 39-48 (N.D. Ill. September 13, 2006). Accordingly, the court adopts and incorporates its discussion in *Gutta* into this memorandum and order. Briefly though, this court reads *Sereboff* as standing for the proposition that tracing of funds is unnecessary when a plan contract contains language creating an equitable lien by agreement. In such an instance, a plan may seek reimbursement pursuant to § 502(a)(3) when such an "other income" or "acts of third parties" provision (i.e., an equitable lien by agreement) exists.

Here, Aetna alleges in its counterclaim (allegations which the court accepts as true for purposes of this motion to dismiss), that "[t]he Plan provides that the Long Term Disability Benefit amount is to be reduced by other income benefits including, but not limited to, Social Security Benefits." FAC at ¶8. The FAC further alleges that "[t]he Plan also provides that Aetna may recover any overpayment of long-term disability benefits from Plaintiff by taking any necessary legal action." Id. at ¶10. Given these allegations, the court cannot conclude that Aetna has failed to allege a claim under §503(a)(3) pursuant to the Supreme Court's recent ruling in *Sereboff*. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). Therefore, the motion to dismiss this count of the FAC is denied.

B.     Count II–Federal Common Law Claim for Unjust Enrichment

Aetna's second count of its counterclaim is one for unjust enrichment under the federal

common law of ERISA[1] pursuant to 28 U.S.C. § 1331.  While Smith frames her argument for

dismissal using two different bases (i.e., first, for lack of subject matter jurisdiction under

12(b)(1) and second, for failure to state a claim under Rule 12(b)(6)), it appears Smith is actually

making one argument – that no federal common law cause of action for restitution exists.

This court recognizes that there is a circuit split on the issue of whether a federal

common law cause of action for unjust enrichment exists under the circumstances in the instant

case.  For its part, the Seventh Circuit appears to have acknowledged that such a cause of action

exists.  In *Harris Trust and Savings v. Provident Life and Accident*, the plan filed a counterclaim

seeking to recover overpayments by alleging counts under both § 502(a)(3) as well as a federal

common law of unjust enrichment.  *Harris Trust*, 57 F.3d 608, 615 (7ᵗʰ Cir. 1995) ("The district

court appears to have proceeded under the second theory, holding that 'although ERISA did not

provide a cause of action for an insurer to recover advances, reimbursement was necessary to

prevent unjust enrichment.'") (citation omitted).  In affirming the district court, the Seventh

Circuit stated that "we need not decide which of the two theories is applicable in the present

case, however, for they are interrelated and [the plan] would prevail under either." *Id.*

Also, in *Leipzig v. AIG Life Ins. Co.*, 362 F.3d 406, 410 (7ᵗʰ Cir. 2004), the Seventh

Circuit implicitly recognized that the defendant-plan could bring a counterclaim for unjust

enrichment.  While stating that the plan could not state a claim under § 502(a)(3) under *Great-*

---

[1]The court notes as an aside that whether or not a plan need attempt to rely on a federal common law claim subsequent to *Sereboff* is questionable.  However, because Aetna has alleged the claim, and Smith seeks to dismiss it, the court will address whether such a claim exists.

*West* (an analysis which this court notes may have been different under the subsequently-decided *Sereboff* case), the Seventh Circuit concluded that the plan could pursue its "federal law" claim in state court. The Seventh Circuit, however, dismissed the claim for lack of federal jurisdiction because the defendant had failed to characterize its counterclaim as compulsory and failed to invoke 28 U.S.C. § 1367 as a separate basis for jurisdiction.[2] *Id.* at 410.

Accordingly, this court finds based on these cases that a federal common law cause of action for unjust enrichment exists in this context. As such, the court denies Smith's motion to dismiss this count of the counterclaim.

C.     Ability to Recover Despite 42 U.S.C. §407(a)

Smith asserts that 42 U.S.C. § 407(a) prevents Aetna from seeking reimbursement of the disability overpayments. Section 407 provides that:

> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

According to Smith, the reason she received an overpayment of her long-term disability payments was because she received social security benefits for the same period. Therefore,

---

[2]  Here, however, Aetna has invoked § 1367 as a basis for jurisdiction (and has characterized its counterclaim as compulsory). On June 28, 2006, Aetna filed a motion to amend its first amended counterclaim. The motion sought leave to file a second amended counterclaim in order to characterize its counterclaim as one under Fed. R. Civ. 13(a) (compulsory counterclaim) and to add 28 U.S.C. § 1367 (supplemental jurisdiction) as a basis for jurisdiction of its counterclaim. The court presumes these amendments are in response to the *Leipzig* decision. In any event, although the court set a briefing schedule on the motion to amend, Smith does not appear to have responded. Accordingly, because of the policy under Fed. R. Civ. P. 15(a) to liberally grant leave to amend, the court grants Aetna's motion for leave to amend its first amended counterclaim.

according to Smith, Aetna cannot execute upon Smith's bank account because her social security payments may be held in an unsegregated bank account (this has not been established as we are only at the motion to dismiss stage) with her other income (including possible long-term disability payments). As such, Smith contends that § 407(a) protects all funds in that account from being put in a constructive trust or having a lien placed on them by the defendant. *Mote v. Aetna Life Ins. Co.*, 435 F. Supp.2d 827 (N.D. Ill. June 26, 2006); *Ross v. Pennsylvania Mfgrs. Ass'n. Ins. Co.*, No. Civ. A. 1:05-0561, 2006 WL 1390446 (S.D. W.Va. May 22, 2006).

However, the court finds these cases cited by Smith as inapposite. First, in *Ross v. Pennsylvania Mfgrs. Ass'n. Ins. Co.*, No. Civ. A. 1:05-0561, 2006 WL 1390446 (S.D. W.Va. May 22, 2006), the defendant filed a counterclaim similar to the one at issue. Instead of seeking return of the overpayments of the long-term disability payments, the defendant sought the imposition of a constructive trust on future social security payments made to the plaintiff in order to extinguish the overpayment. The *Ross* court held that "this section [407](a) of the statute explicitly prohibits the equitable action [defendant] now seeks," and concluded that it was "not permitted under the statute to place these benefits in any kind of a constructive trust." The court therefore dismissed the counterclaim. However, in the instant case, Aetna defendant does not seek a constructive trust on plaintiff's future social security payments. Rather, Aetna seeks repayment of the long-term disability payments that were overpaid.

Similarly, in *Mote v. Aetna Life Ins. Co.*, 435 F.Supp. 2d 827 (N.D. Ill. June 26, 2006), Aetna sought in its counterclaim "a constructive trust on funds in Plaintiff's possession that are the result of an overpayment of long-term disability payments by Aetna," or alternatively, "funds that are an overpayment of long-term disability benefits wrongfully retained by Plaintiff." *Id.* at

828.  Thus, unlike in *Ross*, it was not seeking assignment of the plaintiff's social security

benefits.  Nevertheless, the district court in *Mote* concluded, like the court in *Ross*, that § 407(a)

prevented Aetna from obtaining relief.  The *Mote* court based its decision on the premise that

"the caselaw dealing with [§407(a)] consistently treats, for example, an unsegregated bank

account as 'consist[ing] of Social Security benefits.'"  *Id.* at 829 (*citing Dionne v. Bouley*, 757

F.2d 1344, 1346 (1st Cir. 1985)).  In other words, the *Mote* court appears to have concluded that

Aetna could not seek reimbursement of the long-term disability payments because they had been

placed in an unsegregated account with social security payments, and were therefore unreachable

under § 407(a).

This is where this court respectfully disagrees with *Mote*.  In *Dionne*, relied upon by the

court in *Mote* for the proposition that commingling social security funds with other income

protects *all* monies in that account, Rhode Island attempted to attach the plaintiff's checking

account "most of which consisted of social security benefits paid to her."  *Dionne*, 757 at 1346.

The plaintiff challenged the attachment process on the ground that she was given no notice of

procedures to challenge the attachment or raise a claim that some or all of the monies in the

account were exempt under § 407(a).  *Id.* at 1347.  The *Dionne* court ultimately concluded that

Rhode Island's postjudgment attachment scheme violated due process because it did not inform

the person whose assets were being attached that she could "challenge sequestration of his

property which the law makes unattachable." *Id.* at 1352.

However, as this court reads *Dionne*, it never held that when funds which were exempt

(e.g., social security benefits) were commingled with nonexempt funds, then all funds in the

account were not able to be attached.  Nor does this court consider the *Dionne* court's passing

reference to the fact that "most" of the funds in the plaintiff's account consisted of social security benefits to support such a conclusion. Indeed, the fact that the *Dionne* court distinguishes between the plaintiff's rights as to exempt and non-exempt monies would seem to support the position that non-exempt funds, even if commingled with §407(a) monies, are not protected from levy or attachment. *See, e.g., In re Estate of Merritt,* 651 N.E.2d 680, 682 (Ill. App. Ct. 1995) ("[W]e hold that social security benefits that are reasonably traceable retain their exemption even if they are commingled with other nonexempt funds in the same bank account.").

The court in *Mote* also points to *Philpott v. Essex County Welfare Board*, 409 U.S. 413 (1973), for its conclusion that once commingling occurs, all funds in the account are protected under § 407(a). However, the court reads *Philpott*, as merely standing for the proposition that retroactive social security benefits constitute "monies paid" under § 407(a), nothing more. And the court reads *Porter v. Aetna Casualty & Surety Co.*, 370 U.S. 159, 161-62 (1962), cited in *Philpott*, as holding that "veterans' benefits deposited in a savings and loan association on behalf of a veteran retained the 'quality of moneys' and had not become a permanent investment." There is no discussion in either of these cases of the effect of commingling exempt and non-exempt funds and whether simply by depositing social security payments in a general use bank account, a party has protected all monies in that account from levy, attachment or execution, as provided under § 407(a).

In an attempt to shore up her position, Smith recites similar statements from all of the above cases to the effect that § 407(a) "imposes a broad bar against the use of any legal process to reach all social security benefits." *Philpott*, 409 U.S. at 417. It fails to address the issue at hand, however, of whether a party can effectively protect all of its liquid assets (i.e. cash) from

"legal process" merely by commingling it with social security payments.

For this reason, the court is not persuaded by Smith's citations to *State v. Eaton*, 99 P.3d 661 (Mt. 2004), and *Jones v. Goodson*, 772 S.W.2d 609 (Ark. 1989). In *Eaton*, for example, the petitioner argues that the trial court erred when it ordered him to make restitution payments equal to 20% of his net income, which amount included his social security benefits. *Eaton*, 99 P.3d at 665. The Supreme Court of Montana agreed that "the judgment's inclusion of [the petitioner's] social security income conflicts with the provisions of § 407(a)," and reversed the inclusion thereof. *Id*. at 666. However, the *Eaton* court failed to address any commingling issue. Further, in *Jones*, the Supreme Court of Arkansas found that the "trial court did not err in holding that the social security benefits were exempt from execution" where it was "undisputed that Jones's social security benefits were on deposit in his checking account, were readily withdrawable, and had not been invested in any manner." *Id*. at 611. Again, the *Jones* court did not address or rule on any commingling issue.

Finally, the Supreme Court's opinion in *Sereboff*, discussed above, supports the conclusion that Aetna may seek to recover the long-term disability payments it allegedly overpaid, even if they are commingled with social security payments. In other words, funds need not be traceable in the event of a lien by agreement. *Sereboff*, 126 S. Ct. at 1876 ("*Barnes* confirms that no tracing requirement of the sort asserted by the Sereboffs applies to equitable liens by agreement or assignment: The plaintiffs in *Barnes* could not identify an asset they originally possessed, which was improperly acquired and converted into property the defendant held, yet that did not preclude them from securing an equitable lien.") (citation omitted).

**III.      Conclusion**

For the reasons stated herein, Smith's motion to dismiss the amended counterclaim [37-1] is denied.


**ENTER:**


**DATE: September 13, 2006**                  _Blanche M. Manning_
                                              **Blanche M. Manning**
                                              **United States District Judge**