UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANET SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05 C 5942 |
| | ) | |
| v. | ) | District Judge Blanche M. Manning |
| | ) | Magistrate Judge Geraldine Soat Brown |
| ACCENTURE UNITED STATES | ) | |
| GROUP LONG TERM DISABILITY | ) | |
| INSURANCE PLAN and AETNA | ) | |
| LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Geraldine Soat Brown, United States Magistrate Judge

Plaintiff Janet Smith brings this action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1132(e)(1) and (f), challenging the decision by defendants Accenture United States Group Long Term Disability Insurance Plan ("Accenture") and Aetna Life Insurance Co. ("Aetna") (collectively, "Defendants") to terminate Smith's long term disability benefits. Defendants have counterclaimed for reimbursement of alleged overpayment of benefits. Before the court is Plaintiff's Motion to Compel Discovery. [Dkt 74.] Specifically, Smith seeks an order requiring Defendants to answer Smith's interrogatories asking how many times from 1991 to the present Aetna retained Dr. Snyder and Dr. DeFoy to review files, and how much compensation Aetna has paid each of them in that time period. Apparently, Dr. Snyder and Dr. DeFoy are physicians with whom Defendants consulted in deciding to discontinue benefits to Smith. For the following reasons, the motion is denied.

1

Smith claims that she needs discovery concerning the relationship between Defendants and Drs. Snyder and DeFoy to explore the possibility that the doctors had a conflict of interest. Defendants observe that Smith previously filed a motion for summary judgment without that discovery. (*See* Defs.' Resp., Ex. C.) [Dkt 63.] That motion was stricken by Judge Manning without prejudice for failure to comply with her requirements for such motions. [Dkt 70.]

"Although discovery is normally disfavored in the ERISA context, at times additional discovery is appropriate to ensure that plan administrators have not acted arbitrarily and that conflicts of interest have not contributed to an unjustifiable denial of benefits." *Semien v. Life Ins. Co. of N. Am.*, 436 F.3d 805, 814-15 (7th Cir. 2006). However, before such discovery is appropriate, the claimant must demonstrate two factors: first, a specific conflict of interest or instance of misconduct; and second, a prima facie showing that there is good cause to believe limited discovery will reveal a procedural defect in the plan administrator's determination. *Id* at 815. The central issue on this motion is whether Smith has made the necessary showing.

*Semien* sets "a high bar" to be surmounted by plaintiffs whose claims have been denied by an administrator with discretionary authority. 436 F.3d at 815. Discovery of the sort Smith seeks here is limited to "exceptional cases." *Id*. The plaintiff must show "a reasonable basis to believe that this conflict of interest has solidified into conscious, concrete policies, procedures, and practices to promote the company's financial welfare at the expense of a full and fair evaluation of the plaintiff's claim for benefits . . . ." *Id*. at 814 (quoting *Bennett v. Unum Life Ins. Co. of Am.*, 321 F. Supp. 2d 925, 932-33 (E.D. Tenn. 2004)). The fact that a plan administrator has compensated physicians for their services is not, in and of itself, sufficient to establish a conflict of interest worthy of further discovery. *Semien*, 436 F.3d at 814.

In her Reply, Smith argues that she has made the necessary showing, pointing to her earlier motion for summary judgment in which she argued that Dr. Snyder completely ignored without explanation findings by Dr. Itkin, a neurologist whom Smith consulted, and that the doctors' findings were contrary to the clinical evidence. (Pl.'s Reply at 2, citing Def.'s Ex. C at 13.) Notably, Smith's motion for summary judgment, at least the single page to which she directs this court, does not expressly refer to Dr. DeFoy at all.

As a threshold matter, the showing required by *Semien* should be made by the plaintiff in the initial motion, not a reply brief. A court is not required to consider an argument made for the first time in a reply brief. *FedEx Freight East, Inc. v. NLRB*, 431 F.3d 1019, 1024 n. 1 (7th Cir. 2005) (quoting *Dixon v. Page*, 291 F.3d 485, 489 (7th Cir. 2002)). Certainly, a party with the burden of making an affirmative showing should include the materials upon which she relies to carry that burden in her moving papers and not rely solely on materials submitted by the other party in response. However, even considering the argument in her motion for summary judgment, Smith has not made the requisite showing.

Smith's argument – that the consulting physician disregarded medical evidence in the record favoring the plaintiff – cannot, standing alone, satisfy the *Semien* standard. Otherwise, discovery about the relationship between the plan administrator and a consulting physician would be the rule, contrary to the Seventh Circuit's express direction that such discovery be limited to "exceptional circumstances."[1] *Semien*, 436 F.3d at 815.

Smith also argues that *Semien* was wrongly decided and that several other circuits permit

---

[1] In *Semien*, one of the consulting physicians submitted a two-page evaluation that did not make clear what information he relied on. 436 F.3d at 809. That was not a sufficient basis to justify discovery about his relationship to the plan administrator. *Id*. at 816.

conflict of interest discovery in ERISA cases. (Pl.'s Reply at 3.) Smith points to *Calvert v. Firstar Finance, Inc.*, 409 F.3d 286 (6th Cir. 2004), which, she argues, authorizes such discovery as a matter of course. The court takes judicial notice of the fact that the plaintiff in *Semien* has filed a petition for certiorari to the Supreme Court. However, this court is bound by the decisions of the Seventh Circuit unless and until the Supreme Court rules otherwise or there is reason to believe that the Seventh Circuit would no longer follow its own precedent. *U.S. v. Burke*, 781 F.2d 1234, 1239 n. 2 (7th Cir. 1985). There is no reason to believe that the Seventh Circuit would not follow its recent decision in *Semien*.

For the foregoing reasons, Plaintiff's Motion to Compel Discovery is denied.

**IT IS SO ORDERED.**

    **Geraldine Soat Brown**
    **United States Magistrate Judge**

**September 27, 2006**